IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NATALIE C. BRUCE,<br><br>     Counterclaim and Crossclaim Plaintiff,<br><br>v.<br><br>ERNEST ROBERT RUSSO, JR., et al.,<br><br>     Counterclaim and Crossclaim Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO REMAND**<br><br>Case No. 2:22-cv-00671-RJS-CMR<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is Counterclaim and Crossclaim Plaintiff Natalie C. Bruce's Motion to Remand.[1] For the reasons explained below, the court grants the Motion to Remand but denies Bruce's request for attorney fees.

## BACKGROUND & PROCEDURAL HISTORY

In May 2020, Ernest Robert Russo, Jr. filed a Complaint against Cottonwood Heights, Natalie C. Bruce, and John Doe Employees/Agents 1–10 in the Third Judicial District Court for the State of Utah.[2] The Complaint asserted state causes of action only.[3] Bruce filed an Answer and Counterclaim, asserting counterclaims against Russo and a crossclaim against Cottonwood Heights under 42 U.S.C. § 1983.[4]

---

[1] ECF 9.

[2] *Notice of Filing, Exhibit 1: Complaint* (ECF 10-1).

[3] *Id.*

[4] *Notice of Filing, Exhibit 4: Answer and Counterclaim of Defendant Natalie C. Bruce* (ECF 10-4) at 18–22; *see also Notice of Filing, Exhibit 6: Amended Answer, Counterclaim, and Crossclaim of Natalie C. Bruce* (ECF 10-6) at 19–22; *Notice of Filing, Exhibit 7: Second Amended Answer, Counterclaim, and Crossclaim of Defendant Natalie C. Bruce* (ECF 10-7) at 22–27.

Russo removed the case to the United States District Court for the District of Utah.[5] The district court remanded the case to state court because "counterclaims based on federal law cannot provide a basis for removal based on federal question jurisdiction."[6]

After the case was remanded, the parties reached a settlement agreement, and the state court granted a Stipulated Motion to Dismiss on June 22, 2021.[7] Per the Stipulation, all Russo's claims against Defendants Cottonwood Heights and Bruce were dismissed with prejudice.[8] The order had no effect on Bruce's counterclaims against Russo and crossclaim against Cottonwood Heights.[9] Accordingly, the only remaining claims were Bruce's § 1983 claims against Russo and Cottonwood Heights.

On August 1, 2022, Bruce filed a Motion to File Third Amended Counterclaim and Crossclaim (the Motion to File).[10] The Motion to File sought to add new defendants—Daniel Bartlett, Kelly Taylor, and Blaine Tim Tingey—and new claims.[11] In total, the proposed Third Amended Counterclaim and Crossclaim asserted sixteen causes of action, including § 1983 claims and state law claims against Russo, Bartlett, Taylor, Tingey, and Cottonwood Heights (the Removing Parties).[12]

---

[5] *Notice of Filing, Exhibit 9: Order Remanding Case to State Court* (ECF 10-9).

[6] *Id.* at 1.

[7] *Notice of Filing, Exhibit 10: Order Granting Stipulated Motion to Dismiss with Prejudice* (*Plaintiff's Claims*) (ECF 10-10).

[8] *Id.* at 1.

[9] *Id.* at 2.

[10] *Notice of Filing, Exhibit 18: Order Granting Motion to File Third Amended Counterclaim and Crossclaim of Counterclaimant Natalie C. Bruce* (ECF 10-18) at 1. The state court construed the Motion to File as seeking to supplement, rather than amend, a pleading. *Id.* at 5. The parties refer to the Third Amended Counterclaim and Crossclaim as an amended pleading, and the court will follow their lead for purposes of this Motion.

[11] *Notice of Filing, Exhibit 19: Third Amended Counterclaim, and Crossclaim of Defendant Natalie C. Bruce* (ECF 10-19).

[12] *Id.* at 22–46.

The state court granted the Motion to File on October 13, 2022.[13] On October 19, the Removing Parties removed the case to the United States District Court for the District of Utah.[14] Before removal, Bruce had not filed her Third Amended Counterclaim and Crossclaim in state court.[15] Although a draft of the proposed Third Amended Counterclaim and Crossclaim was attached to her Motion to File, it was not signed or dated, nor was there any indication it was served on the Removing Parties.[16] Indeed, Bartlett, Tingey, and Taylor were never added as parties to the state court case,[17] nor were they served with summonses in federal court.

After the case was removed, Bruce filed a Motion to Remand, including a request for attorney fees.[18] The Motion is fully briefed,[19] and the court issues the following ruling.

## LEGAL STANDARDS

If a state-court action originally could have been filed in federal court, the defendants may remove the action to federal court.[20] But federal courts are courts of limited jurisdiction, so there is a presumption against federal jurisdiction.[21] "Thus, 'statutes conferring jurisdiction on

---

[13] ECF 10-18 at 10.

[14] *Defendants' Notice of Removal of Case to the United States District Court for the District of Utah* (ECF 2).

[15] *Notice of Removal, Exhibit 4: State Court Docket* (ECF 2-5).

[16] *See* ECF 10-19 at 47–48. Bruce filed a Counterclaim and a Crossclaim in federal court after the case was removed. However, each filing is just the Motion to File, the unsigned draft Third Amended Counterclaim and Crossclaim, and the state court's order granting the Motion to File. *See* ECF 5 (Counterclaim); ECF 6 (Crossclaim).

[17] *See* ECF 2-5.

[18] ECF 9. Russo asks the court to remand a second case she filed against the Defendants in state court. *See id.* at 4–5. However, that case was not removed to federal court, and the state court's docket indicates it was dismissed after Bruce did not serve summonses. *See Order of Dismissal*, *Bruce v. Russo, et al.*, No. 220904647 (3d Dist. Ct. Utah May 19, 2023); *see also Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000) ("[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record."), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946 (10th Cir. 2001).

[19] *See* ECF 9; *Russo, Bartlett, and Taylor's Memorandum in Opposition to Motion to Remand* (ECF 19); *Cottonwood Heights Defendants' Opposition to Motion to Remand* (ECF 20); *Reply Memorandum* (ECF 25).

[20] 28 U.S.C. § 1441(a).

[21] *Bd. of Cnty. Comm'rs v. Suncor Energy (U.S.A.) Inc.*, 25 F.4th 1238, 1250 (10th Cir. 2022).

federal courts are to be strictly construed, and doubts resolved against federal jurisdiction.'"[22] The parties asserting federal jurisdiction—here, the Removing Parties—"bear the burden of establishing jurisdiction by a preponderance of the evidence."[23]

## ANALYSIS

The court will first explain why remand is appropriate.  It will then explain why Bruce is not entitled to attorney fees.

### I. Removal was premature and thus ineffective.

Bruce argues the case should be remanded because the Removing Parties were "not defendants to the original action."[24]  The Removing Parties contend removal is appropriate because Bruce's Third Amended Counterclaim and Crossclaim conferred this court with federal question jurisdiction.[25]  The court concludes removal was premature and thus ineffective because Bruce has not filed the Third Amended Counterclaim and Crossclaim.

> Typically, the defendant must file a notice of removal
>
> within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.[26]

If a case was not originally removable, an event may occur that triggers the court's jurisdiction and makes the case removable.[27]  In that circumstance,

---

[22] *Id.* (quoting *United States ex rel. King v. Hillcrest Health Ctr., Inc.*, 264 F.3d 1271, 1280 (10th Cir. 2001)).

[23] *Id.*

[24] ECF 25 at 3.

[25] ECF 2 at 2–3; ECF 19 at 1–2; ECF 20 at 5.  Russo, Bartlett, and Taylor also argue the court should sever and remand some of the claims under 28 U.S.C. § 1441(c).  ECF 19 at 2, 6; *see also* 28 U.S.C. § 1441(c) (stating that when civil actions include removable and nonremovable claims, the court must sever and remand the nonremovable claims).

[26] 28 U.S.C. § 1446(b)(1).

[27] *See id.* § 1446(b)(3).

a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.[28]

The Removing Parties argue the case is removable because Bruce's Third Amended Counterclaim and Crossclaim triggered this court's federal question jurisdiction.[29] Courts must evaluate subject-matter jurisdiction based on the pleadings at the time of removal.[30] At the time of removal, Bruce's Third Amended Counterclaim and Crossclaim was not the operative pleading because it had not been filed.[31] Indeed, Bartlett, Tingey, and Taylor were not even served.[32] And although service may be completed after removal,[33] a summons cannot be issued until a complaint is filed.[34]

Moreover, the court is not persuaded the case became removable when the state court granted Bruce leave to file the Third Amended Counterclaim and Crossclaim. The state court did not add parties or claims—it merely granted Bruce permission to file the amended pleading, and Bruce could decide not to. Therefore, the state court's order does not demonstrate the

---

[28] *Id.* In their Notice of Removal, the Removing Parties did not indicate the statutory basis for removal. *See* ECF 2. In their Opposition, Russo, Bartlett, and Taylor argue removal is appropriate under 28 U.S.C. § 1441(c). ECF 19 at 1–2. But their underlying argument is that the case became removable because of Bruce's Third Amended Counterclaim and Crossclaim. *Id.* Accordingly, the court understands the Removing Parties to be invoking 28 U.S.C. § 1446(b)(3).

[29] ECF 19 at 2–5 (arguing the new claims raised in the Third Amended Counterclaim and Crossclaim are removable); ECF 20 at 6 (arguing Bruce "has taken on the posture of a plaintiff through service of an amended complaint").

[30] *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939).

[31] Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); *see also* Utah R. Civ. P. 3(a) ("A civil action is commenced (1) by filing a complaint with the court, or (2) by service of a summons together with a copy of the complaint . . . . If the action is commenced by the service of a summons and a copy of the complaint, then the complaint, the summons and proof of service, must be filed within ten days of such service.").

[32] *See* ECF 2-5.

[33] 28 U.S.C. § 1448.

[34] Fed. R. Civ. P. 4(b) ("*On or after filing the complaint*, the plaintiff may present a summons to the clerk for signature and seal." (emphasis added)).

5

existence of federal jurisdiction. Although an order may turn a case into "one which is or has become removable,"[35] the state court's order here did not have that effect. For these reasons, removal was "premature and thus ineffectual."[36]

The court acknowledges other jurisdictions permit removal after a state court has granted leave to file an amended pleading but before the amended pleading is filed.[37] However, the Tenth Circuit has not addressed this issue,[38] and other courts have held removal is not proper until the amended pleading is filed.[39] The court is persuaded by the cases requiring the amended pleading to be filed before removal, for the reasons previously identified. Furthermore, because there is a presumption against federal jurisdiction, "statutes conferring jurisdiction on federal courts are to be strictly construed, and doubts resolved against federal jurisdiction."[40]

---

[35] 28 U.S.C. § 1446(b)(3).

[36] *See Garrett v. Cook*, 652 F.3d 1249, 1256 (10th Cir. 2011) ("As the district court recognized, removal *prior to* the occurrence of a triggering event such as proper service of the Third Amendment Complaint with the allegedly required summons would have been premature and thus ineffectual."); *see also id.* ("A patently premature removal would not have triggered the district court's jurisdiction and would therefore have been as objectively unreasonable as an untimely one.").

[37] *See, e.g.*, *Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998) ("When the [motion to amend the complaint] was granted, the case first became removable, and it was promptly removed."); *see also Jackson v. Bluecross & Blueshield of Ga., Inc.*, No. 4:08-cv-49 (CDL), 2008 WL 4862686, at *2 (M.D. Ga. Nov. 10, 2008) (unpublished) ("The majority rule appears to be that when a state-court plaintiff files a motion to amend a complaint to assert federal subject matter jurisdiction, a defendant cannot remove the case until the state court judge grants the motion to amend.").

[38] In *Garrett v. Cook*, 652 F.3d 1249, 1252–53 (10th Cir. 2011), the defendant removed to federal court almost four years after an amended pleading was filed. The defendant argued his removal was timely because he had not been properly served the amended pleading and thus the thirty-day window for removal had not yet started. *Id.* at 1255. The Tenth Circuit disagreed, holding that if Cook were correct that the thirty-day window had not started, then removal was ineffectual because it was premature. *Id.* at 1256–57. But the *Garrett* court did not hold that the thirty-day window had not started, it merely assumed that point for argument's sake. *See id.* Accordingly, the holding in *Garrett* does not resolve the issue in the present case, although it does dictate that a premature removal is ineffective.

[39] *See, e.g.*, *Miller v. Stauffer Chem. Co.*, 527 F. Supp. 775, 777–78 (D. Kan. 1981) ("[W]e decline to designate the date on which the state court grants leave to amend as the event which triggers the thirty-day removal period because such a rule would encourage defendants to seek removal before the filing of an amended complaint to avoid forfeiting their right to remove even though such a complaint might never be filed."); *see also Stuart v. Vill. of New Haven*, No. 09-CV-14128, 2009 WL 4065039, at *1 (E.D. Mich. Nov. 24, 2009) (unpublished); *Savilla v. Speedway Superamerica, LLC*, No. Civ.A. 202-1004, 2002 WL 31487914, at *3–4 (S.D.W. Va. Nov. 7, 2002) (unpublished); *DeDonato v. Roach Bros. Realtors*, No. 89-7589, 1989 WL 153989, at *2 (E.D. Pa. Dec. 13, 1989) (unpublished).

[40] *Suncor Energy*, 25 F.4th at 1250 (quoting *King*, 264 F.3d at 1280).

Construing the removal statute strictly, the court cannot evaluate or assert jurisdiction based on a pleading that might be filed.

Finally, the court is not deciding whether federal jurisdiction will exist if Bruce files the Amended Counterclaim and Crossclaim. That question must wait for when the Amended Counterclaim and Crossclaim is properly before the court.[41]

## II. Bruce is not entitled to attorney fees.

Bruce argues she is entitled to attorney fees because the Removing Parties "have ignored [the previous remand] order and Supreme Court authority directly on point."[42] Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[43] "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."[44]

As explained, some jurisdictions have concluded a case becomes removable when the state court grants leave to file an amended pleading.[45] Accordingly, the Removing Parties did not "lack[] an objectively reasonable basis for seeking removal."[46] And although the court is not deciding whether federal jurisdiction will exist if Bruce properly files the Third Amended Counterclaim and Crossclaim, Bruce has not shown the Removing Parties arguments concerning that point are so unreasonable she is entitled to attorney fees.

---

[41] *See Carney v. Adams*, 141 S. Ct. 493, 498 (2020) ("We have long understood [Article III] to require that a case embody a genuine, live dispute between adverse parties, thereby preventing the federal courts from issuing advisory opinions.").

[42] ECF 9 at 7.

[43] 28 U.S.C. § 1447(c).

[44] *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

[45] *See, e.g.*, *Sullivan*, 157 F.3d at 1094.

[46] *See Martin*, 546 U.S. at 141.

## CONCLUSION

For the reasons stated, the Removing Parties have not met their burden of establishing federal jurisdiction, and the Motion to Remand[47] is GRANTED. However, Bruce's request for attorney fees is DENIED. The Clerk of Court is directed to remand the case to the Third Judicial District Court for the State of Utah.

SO ORDERED this 5th day of July 2023.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[47] ECF 9.